# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**JERMEL MOORE,**<br><br>**Defendant.** | )<br>)<br>)  Case No.  5:23-mj-00444 (ML)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of July 25, 2023 in the county of Onondaga in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of ammunition by felon |

This criminal complaint is based on these facts:
See attached affidavit.

☒   Continued on the attached sheet.

*Richard R. Gardinier*
Complainant's signature

Richard R. Gardinier, ATF Special Agent
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 8/11/2023

*Miroslav Lovric*
Judge's signature

City and State:  Binghamton, NY    Hon. Miroslav Lovric, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Richard Gardinier, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint and arrest warrant charging Jermel MOORE with violating Title 18, United States Code, Section 922(g)(1) (possession of ammunition by a previously convicted felon).

2. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January 2, 2017. I have attended the Federal Law Enforcement Training Center (FLETC), located in Glynco, Georgia, where in I was enrolled in, and successfully completed, both Criminal Investigator Training Program (CITP) and Special Agent Basic Training (SABT). During my training, I received instruction on physical surveillance, interviewing sources of information and defendants, reviewing telephone and financial records, applying for and serving search warrants, firearms trafficking, etc.

3. Prior to my time with ATF, I was employed by the United States Secret Service, Uniformed Division (USSS/UD) for four years. I was enrolled in and successfully completed the Uniformed Police Training Program (UPTP) at FLETC, as well as New Officer Training with the USSS/UD, located in Beltsville, Maryland.

4. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States who is empowered by law to conduct investigations of and make arrests for the offenses enumerated in Title 18, 21 and 26, United States Code.

5.      The facts in this affidavit come from my personal observations, my training and experience, my review of police reports, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all of my knowledge about this matter.

6.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that Jermel Moore has violated Title 18, United States Code, Section 922(g)(1) by possessing ammunition—namely, twenty-five rounds of assorted .22 long rifle caliber ammunition manufactured by various manufacturers including CCI, Remington, and Winchester—after previously having been convicted of a crime punishable by imprisonment by a term exceeding one year.

**FACTS SUPPORTING PROBABLE CAUSE**

7.      On July 25, 2023, while on routine patrol in a marked Syracuse Police Department ("SPD") vehicle, SPD officers observed a grey Ford Flex bearing New York State registration KWV5178 ("Subject Vehicle") traveling on North Salina Street in Syracuse, New York. SPD Officers noted the vehicle had dark tinted windows and a dark license plate cover, in violation of New York State Vehicle and Traffic Law. SPD officers conducted a traffic stop of the Subject Vehicle in the 1100 block of North Salina Street, Syracuse, New York.

8.      Officers approached the Subject Vehicle, which contacted the occupants Individual A (driver), Individual B (front passenger), and Jermel Moore (right rear passenger). The officers were equipped with body-worn cameras (BWC), which recorded the interaction. While speaking to Moore at the rear window of the Subject Vehicle, an officer observed what appeared to be a high-capacity ammunition magazine containing ammunition inside his waistband. The officer grabbed Moore's hand and pinned it to the roof of the vehicle to stop him from reaching

further into the passenger compartment of the vehicle. As reported by the officer and captured on the BWC recording, which I reviewed, the officer removed what appeared as a large, curved firearms magazine with what further appeared as ammunition inside of it from Moore's waistband.[1] A still image from that BWC is below, showing the loaded magazine in the officer's hand. Officers removed Individual A, Individual B, and Moore from the vehicle and began an investigation.



---

[1] Based on my initial viewing of the BWC recording, it appears that because Moore's arm was obstructing the view, the recording does not show the magazine when it is actually in Moore's waistband. The magazine first comes into view of the camera as the officer removes it.

9. After removing Moore from the Subject Vehicle, officers placed the magazine containing ammunition on the roof of the Subject Vehicle. Later examination of the magazine showed that it was loaded with twenty-five rounds of .22 caliber ammunition ("the ammunition").

10. Officers recovered the following items from the Subject Vehicle, among other things, during the traffic stop:

    a. Approximately 3.8 grams of a beige chunky substance in a clear knotted plastic baggie, which field-tested positive for cocaine from Moore's underwear area;

    b. $3,490.00 in US currency banded with a rubber band, located on Moore's person; and

    c. A Ruger, model 10/22, .22 caliber rifle bearing serial number 124-11147, located in the rear passenger compartment immediately adjacent to where Moore was sitting.

11. As part of my employment as a special agent, I have received special training in determining the place of manufacture for both firearms and ammunition ("interstate nexus training"). I have personally inspected the ammunition that was contained in the magazine recovered from Moore. I observed twenty-five rounds of .22LR caliber ammunition from several different manufacturers. These rounds of ammunition are ammunition as defined in Title 18 U.S.C. § 921(a)(17)(a) and were not manufactured in the State of New York. I observed that several rounds bore the headstamp "REM". Based on my interstate nexus training and experience, these were manufactured by Remington in either Connecticut or Arkansas. Several rounds bore the headstamp "SuperX". Based on my interstate nexus training and experience, these were manufactured by Winchester in Illinois. Several rounds bore the headstamp "C". Based on my interstate nexus training and experience, these were manufactured by CCI in Idaho. Because the

ammunition was found in the State of New York, the ammunition has traveled in and/or affected interstate commerce.

12. A review of Moore's criminal history revealed one previous felony conviction. On or about May 9, 2011, Moore was sentenced in Onondaga County Court to 5 years' imprisonment as a result of his conviction for Criminal Possession of a Weapon in the 2nd Degree (loaded firearm), a felony.

13. Based on the foregoing facts, I respectfully submit there is probable cause to believe that Jermel Moore has violated Title 18, United States Code, Section 922(g)(1). I respectfully request the Court authorize the filing of this complaint and issue an arrest warrant so that the defendant may be arrested and brought to court for further proceedings in accordance with the law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

*Richard R. Gardinier*
Richard R. Gardinier
ATF Special Agent

I, the Hon. Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on August __11__, 2023, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

*Miroslav Lovric*
Hon. Miroslav Lovric
United States Magistrate Judge